IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTIAN KISTNER, #Y26421,**

**Plaintiff,**

**v.**

**DR. BROOKHART, REX FITCH, OFFICER JOHNSON, OFFICER WEST, OFFICER WILLIAMS, and LT. WILLIAMS,**

**Defendants.**

**Case No. 19-cv-00620-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Christian Kistner, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Illinois Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights arising from the issuance of false disciplinary tickets and a guilty verdict by the Adjustment Committing. He seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are

to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## COMPLAINT

Kistner makes the following allegations: On November 16, 2018, he was strip searched by Corrections Officer Fitch prior to receiving a visitor. (Doc. 1, p. 7). Following the search, Kistner went into the visiting room and shortly embraced his visitor. Although Fitch was not even in the visiting room to view the interaction, Fitch wrote him a disciplinary ticket. (*Id.*).

During the disciplinary hearing, Kistner's witness was not called, and Lieutenant Williams told him that he could not be seen committing the offense on the camera footage. (*Id.* at p. 8). Lieutenant Williams wrote on the ticket summary, however, that Kistner was found guilty "based on video footage." Kistner was demoted to one month C-grade status and had his visiting privileges revoked for three months. (*Id.*). Kistner started filing grievances and had a meeting with Warden Brookhart, who told him that she "was going to justly take care of it," but later informed his mother that the discipline would stand. (*Id.*).

On Christmas day, Kistner's television was confiscated for thirty days, and he was moved to segregation. During the move, Corrections Officer West wrote him a disciplinary ticket for disobeying a direct order, and he was again found guilty by the Adjustment Committee. (*Id.*). Corrections Officer Williams was a witness on the ticket, even though Williams was not in the wing during the alleged events. (*Id.* at p. 9). Kistner continued to be moved multiple times to different cells over the course of two months. (*Id.*).

## PRELIMINARY DISMISSALS

Kistner names Corrections Officer Johnson in the case caption and states in the Complaint that he and Johnson had been in multiple altercations, which contributed to tension between Kistner and Corrections Officer Fitch, because Fitch and Johnson worked together. (Doc. 1, p. 7). Kistner does not describe how Johnson violated his constitutional rights, and so Johnson will be dismissed without prejudice. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).

Additionally, Kistner makes allegations regarding being placed in segregation for requesting a crisis team, never being provided a crisis team, being moved to multiple different cells, and retaliation by the administration, but these claims are not asserted against any named Defendant. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010) (quoting *Palmer v. Marion Cty.,* 327 F.3d 588, 594 (7th Cir. 2003)). Because Kistner is required to associate specific defendants with specific claims, these claims will be dismissed without prejudice. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following five Counts:

**Count 1:** Fourteenth Amendment due process claim against Corrections Officer Fitch for issuing Kistner a false disciplinary ticket for violating visiting room rules on November 16, 2018.

**Count 2:** Fourteenth Amendment due process claim against Corrections Officer West and Corrections Officer Williams for

issuing a false disciplinary ticket for disobeying a direct order on December 25, 2018.

**Count 3:** Fourteenth Amendment due process claim against Lieutenant Williams a for using false evidence and prohibiting Kistner from calling a witness during the disciplinary hearing for violating visiting room rules on November 16, 2018.

**Count 4:** Fourteenth Amendment due process claim against Warden Lashbrook for not correcting the Adjustment Committee's finding of guilt against Kistner for violating visiting room rules on November 16, 2018.

**Count 5:** Fourteenth Amendment due process claim against Corrections Officer West and Corrections Officer Williams for confiscating Kistner's television.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

**Counts 1 and 2**

When a plaintiff brings an action under Section 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court reviewing a due process claim must, therefore, engage in a two part inquiry: (1) was there a protected interest at stake that necessitated the protections demanded by due process; and (2) was the disciplinary hearing process conducted in accordance with procedural due process requirements?

---

[1]*Twombly*, 550 U.S. at 570 (2007). This includes any claims Kistner asserts under the Eighth Amendment for cruel and unusual punishment and the Fourteenth Amendment for discrimination and equal protection violations. Kistner alleges cruel and unusual punishment and discrimination, but offers no additional facts or associates these claims with any single defendant. (Doc. 1, p. 7).

Kistner alleges that he was issued a false disciplinary ticket on two separate occasions. (Doc. 1, pp. 7, 8). A disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Whether the procedures employed during his disciplinary proceedings violated due process need not be considered, however, because Kistner has failed to plead that a protected interest was at stake requiring the protections of due process.

Kistner claims that, as a result of the disciplinary ticket for violating visiting room rules, he was demoted to C-grade for one month and his visiting privileges were revoked for three months. (Doc. 1, p. 8). There is no protected liberty interest implicated, however, in demotion to C-grade status or temporary loss of visitation privileges. *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997) (collecting cases) (there is no protected liberty interest implicated in demotion to C-grade status or loss of certain privileges); *Woody v. Zatecky,* 594 F. App'x 311, 312 (7th Cir. 2015) ("courts have held that a loss of visitation privileges—including contact visits—is not an atypical and significant hardship.") (citations omitted). Accordingly, Kistner has failed to allege he was deprived of a protected liberty interest as a result of the false disciplinary ticket for violating visiting room rules. As he does not describe any deprivations as a result of the false disciplinary ticket issued for disobeying a direct order, this claim also does not assert a due process violation. Thus, Counts 1 and 2 will be dismissed without prejudice.

**Count 3 and 4**

Kistner claims that Adjustment Committee member Lieutenant Williams deprived him of procedural due process by using improper procedures during the hearing for the

violation of visitation room rules. Kistner claims that Lieutenant Williams would not allow him to call his witness and falsely wrote that the video footage showed Kistner's guilt on the ticket final summary. (Doc. 1, p. 8). He also alleges that he met with Warden Lashbrook regarding the false disciplinary ticket and the hearing proceedings, but she failed to correct the alleged violations. (*Id.*).

As in Counts 1 and 2, the Court does not need to consider Lieutenant Williams or Warden Lashbrook afforded Kistner due process, as the Court has already found that Kistner has failed to assert a protected liberty interest in the loss of status and visitation privileges; and so, Counts 3 and 4 will be dismissed without prejudice.

**Count 5**

Kistner argues that his television was taken by Corrections Officer West and held for thirty days by Officer Williams without a reason, and he was not given a confiscation slip or paperwork. (Doc. 1, pp. 8, 9).

As previously discussed, to state a claim under the Due Process Clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of liberty or property without *due process of law*; if the state provides an adequate remedy, a plaintiff has no civil rights claim. *Hudson v. Palmer,* 468 U.S. 517, 530-36 (1984). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999); *Turley v. Rednour,* 729 F.3d 645, 653 (7th Cir. 2013). Accordingly, Kistner must pursue any claims regarding the deprivation of his property in the Illinois Court of Claims. For these reasons, Count 5 will be dismissed without prejudice.

## LEAVE TO AMEND

Kistner's Complaint does not survive preliminary review and shall be dismissed. He will have an opportunity to re-plead his claims in a First Amended Complaint, if he wishes to proceed any further with this action. When preparing a First Amended Complaint, Kistner should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did, or failed to do, to violate his constitutional rights, keeping in mind that a successful complaint generally alleges "the who, what, when, where, and how…" *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

## MOTION FOR RECRUITMENT OF COUNSEL

Kistner has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied.[2] In the Motion, Kistner states that he cannot afford counsel, but he does not provide any information regarding attempts to recruit counsel on his own or whether he has been effectively precluded from doing so. Because he has not made this showing, the Court finds that Kistner has not made a reasonable attempt to find counsel. Should Kistner choose to move for recruitment of counsel at a later date, the Court directs him to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

---

[2] In evaluating Kistner's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

**MOTION FOR SERVICE OF PROCESS AT GOVERNMENT EXPENSE**

Because Kistner has been granted pauper status (Doc. 7) and the Court is obligated to arrange service for incarcerated persons proceeding *in forma pauperis*, his Motion for Service of Process at Government Expense (Doc. 5) will be denied as moot.

**DISPOSITION**

**IT IS ORDERED** that the Complaint (including **COUNTS 1**, **2, 3, 4,** and **5**) shall be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **Officer Johnson** is **DISMISSED** without prejudice from the action. The Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice, and the Motion for Service of Process at Government Expense (Doc. 5) is **DENIED** as moot.

Kistner is **GRANTED** leave to file a "First Amended Complaint" on or before **February 12, 2020**. Should Kistner fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Kistner's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Kistner use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00620-NJR). To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Kistner a blank civil rights

complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Kistner must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Kistner is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Kistner is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**