IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTIAN KISTNER, #Y26421,<br><br>      Plaintiff,<br><br>v.<br><br>DR. BROOKHART, REX FITCH, OFFICER JOHNSON, OFFICER WEST, OFFICER WILLIAMS, and LT. WILLIAMS,<br><br>      Defendants. | Case No. 19-cv-00620-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Christian Kistner, an inmate of the Illinois Department of Corrections, commenced this action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights arising from the issuance of false disciplinary tickets and a guilty verdict by the Adjustment Committee. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A, and it was dismissed without prejudice on January 15, 2020. (Doc. 10). Kistner was granted leave to file a First Amended Complaint on or before February 12, 2020. He also was warned that the action would be dismissed with prejudice, and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. (*Id.*). Kistner missed the deadline. More than a month has passed since it expired, and he has not requested an extension or filed an amended complaint.

On December 2, 2019, the Court issued an order directing Kistner to file a Notice Regarding Magistrate Judge Jurisdiction and Consent/Non-Consent form indicating his consent to proceed before a magistrate judge or an affirmative declination to consent. (Doc. 8). Kistner failed to return the form within the allotted time and so the Court issued another order on January 13, 2020, advising Kistner that the deadline for filing the form had passed, but granting him an additional seven days to consent or decline to consent to magistrate judge jurisdiction. Kistner was warned that failure to return the form would result in possible sanctions. (Doc. 9). Kistner, again, did not file the form with the Court.

On January 28, 2020, the Court issued another order directing Kistner to show cause why sanctions should not be imposed on him for failure to file the form as is required under Administrative Order 257. (Doc. 11). On January 30, 2020, the Show Cause Order was returned to the Court as undeliverable and a note on the envelope indicated that Kistner has been released on parole. (Doc. 12). Kistner has been previously been advised of his continuing obligation to keep the Court informed of any change in his address and that failure to comply could result in dismissal of this action. (Docs. 4, 10).

Kistner has continually ignored the Court's directives, and the Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for Kistner's failure to comply with orders of this Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Kistner's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

For these reasons, this action is **DISMISSED with prejudice**, based on Kistner's failure to comply with the Court's orders to file a First Amended Complaint on or before

February 12, 2020 (Doc. 10), a Notice and Consent form (Doc. 8), and a Notice of Change of Address (Docs. 4, 10), and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Kistner's three allotted "strikes" within the meaning of § 1915(g).

Kistner is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Kistner wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Kistner may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** April 20, 2020

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**